## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WENDY KERNECHEL**

    **Plaintiff,**

**v.**                                                    **Case No. 4:20-cv-00078-WS-MJF**

**UNITED STATES OF AMERICA and
OFFICER JIMMY HIGHSMITH,**

    **Defendants.**

### ANSWER

DEFENDANT, United States of America, answers the Complaint of Plaintiff WENDY KERNECHEL by numbered paragraphs, as follows:

### Jurisdiction

1.      Admitted that, as to the United States, the Court has jurisdiction pursuant to the Federal Tort Claims Act (FTCA) regarding compensatory damages, however, denied that the Court has jurisdiction to award declaratory or injunctive relief pursuant to the FTCA.  Otherwise, denied.

2.      Admitted that Plaintiff filed an administrative claim which was received on March 26, 2019, and that the administrative claim was not acted on within six months of its receipt.  Otherwise, denied.

3.    Admitted that, as to the United States, the Plaintiff has exhausted her administrative remedies regarding compensatory relief pursuant to the FTCA. However, denied that declaratory or injunctive relief is available through the FTCA. Otherwise, denied.

4.    Admitted that, as to the United States, the Plaintiff has exhausted her administrative remedies regarding compensatory relief pursuant to the FTCA. However, denied that declaratory or injunctive relief is available through the FTCA. Otherwise, denied.

## Parties

5.    Admitted that Plaintiff was an inmate at Federal Correctional Institution-Tallahassee (FCI Tallahassee) from May 31, 2017 to February 5, 2019, and that FCI-Tallahassee is in the Northern District of Florida. Otherwise, denied.

6.    Admitted that Defendant, Jimmy Highsmith, was a correctional officer at FCI Tallahassee.   Otherwise, denied.

7.    Admitted that the United States has operated FCI Tallahassee and that Defendant Highsmith is and has been a Bureau of Prisons (BOP) employee. Otherwise, denied.

## Common Allegations of Fact

8.    Admitted.

9.    Admitted.

2

10.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

11.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

12.    Admitted that the Bureau of Prisons continued to employ Officer Highsmith following settlement by the United States of a civil case in which another inmate alleged sexual abuse by Officer Highsmith, otherwise denied.

13.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

14.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

15.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

16.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

17.    Denied that there has been a history of abusive treatment in the Special Housing Unit (SHU), otherwise, the United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

18.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

19.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

20.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

21.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

22.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

23.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

24.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

25.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

26.     Admitted that, as a correctional officer, Officer Highsmith had the authority to recommend that Kernechel be placed in the SHU.  As to the remaining allegations, the United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

27.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

28.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

29.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

30.     Admitted that there have been accusations of sexual abuse by inmates other than Wendy Kernechel which have led to investigations, otherwise denied.

31.     Admitted that there have been accusations of sexual abuse by inmates other than Wendy Kernechel which have led to investigations, and that starting during or around September of 2018, Highsmith's assignments were at the Federal Detention Center, otherwise denied.

32.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

33.     Admitted that during September 2018, SIS Lt. Rivera interviewed Plaintiff about her complaint that she had been sexually abused, otherwise denied.

34.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

35.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

36.     The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

37.    Admitted that BOP records indicate Plaintiff met with Jennifer Rogers on September 27, 2018.

38.    Admitted that BOP records indicate Plaintiff was taken to a local hospital on September 27, 2018, otherwise, the United States is without sufficient knowledge to form a belief as to the assertion made.

39.    The United States is without sufficient knowledge to form a belief as to the assertion made.

40.    Admitted that a request to transfer Plaintiff was signed on January 11, 2019, however, with respect to if and when Plaintiff may have requested such a transfer, the United States lacks sufficient knowledge regarding the precise date Plaintiff made such a request, and therefore denies the remainder of the allegation.

41.    Denied.

42.    Admitted.

43.    Admitted that records indicate that Plaintiff worked the "outside warehouse," otherwise, the United States is without sufficient knowledge to form a belief as to the assertion made.

44.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

45.    Denied.

46.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Admitted that Plaintiff submitted an administrative claim that was received by the BOP on March 26, 2019.

53.    Admitted that Plaintiff submitted an administrative claim that was received by the BOP on March 26, 2019.

**First Amendment Violation and Witness Intimidation**

54.    Denied.

55.    Admitted that Plaintiff has First Amendment rights, otherwise denied.

56.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

57.    Denied.

58.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

59.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

60.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

61.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

62.    Denied.

63.    Denied.

64.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

## Causes of Action

### I. Cruel and Unusual Punishment (Eighth Amendment) Highsmith

70. - 77.    Paragraphs 70 through 77 apply to Defendant Highsmith. Accordingly, the United States does not respond to Paragraphs 70 through 77.

**II. Federal Tort Claims Act Claim (Negligence) as to United States**

78.    Defendant realleges its responses to the common allegations as if set forth fully herein.

79.    Denied.

80.    Denied.

81.    Denied.

**III. Federal Tort Claims Act (Battery) as to Defendant United States**

82.    Defendant realleges its responses to the common allegations as if set forth fully herein.

83.    Admitted that, as a correctional officer, Highsmith is a law enforcement officer, otherwise denied.

84.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

85.    Denied.

86.    The United States lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

**IV. Federal Tort Claims Act (Injunctive Relief) as to United States**

87.    Defendant realleges its responses to the common allegations as if set forth fully herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied that Plaintiff is entitled to injunctive relief.

93.    Denied.

94.    Admitted that sexual abuse can be harmful, otherwise United States, lacks sufficient knowledge to form a belief as to the assertions made, and therefore denies them.

95.    Admitted that the United States owes a duty of care to inmates within the care of the BOP, otherwise denied.

96.    Denied that there is a "malignant tradition at FCI Tallahassee," and therefore otherwise denied.

## PRAYER FOR RELIEF

This unnumbered paragraph and its subparts (A) through (F) represents Plaintiff's "Prayer for Relief" and as such, require no response.  To the extent that the paragraph may require a response the United States denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Having responded to the allegations contained in the complaint, the United States raises the following defenses:

1.     Plaintiff's claim for injunctive relief is not available pursuant to the FTCA, and therefore is barred by sovereign immunity.

2.     The United States is not subject to suit, and is not liable, for any acts committed outside the scope of any employee's employment.

3.     The United States is not subject to suit, and is not liable, for any acts or omissions of an employee of the United States exercising due care in the execution of a statute or regulation.

4.     The United States is not subject to suit, and is not liable, for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the United States, whether or not the discretion involved be abused.

5.     The injuries and harm alleged by Plaintiff, if any, were not proximately caused by the negligent or wrongful acts of an agent or employee of the United States working within the scope of their employment.

6.     Any state or federal common or statutory law that limits the liability of a private individual, or the damages awarded, under similar circumstances to those alleged in the complaint, shall limit or preclude Plaintiff's recovery against the United States.

7.     Plaintiff's damages, if any, are limited to the amount claimed in the administrative claim to the BOP.

8.     Under 28 U.S.C. § 2678, Plaintiff is not entitled to a separate award of attorney's fees.

9.     Plaintiff is not entitled to punitive damages against the United States.

10.    Plaintiff is not entitled to prejudgment interest against the United States.

11.    Any damages demanded by Plaintiff shall be reduced by the amount of collateral sources, including but not limited to benefits, paid or payable, or otherwise available to Plaintiff.

Defendant further asserts Plaintiff is not entitled to a jury trial in an action filed under the FTCA.  *See* 28 U.S.C. § 2402.

Any allegation of fact not expressly admitted herein is denied.

The United States hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, the Defendant respectfully requests the Court deny the relief requested by the Plaintiff.

Respectfully submitted,

LAWRENCE KEEFE
UNITED STATES ATTORNEY

*/s/  Peter Fisher*
Peter G. Fisher
Assistant United States Attorney
Florida Bar No. 0413010
111 N. Adams Street
Tallahassee, FL  32301
850-942-8430
peter.fisher@usdoj.gov
Marie Moyle
Assistant United States Attorney
Florida Bar No. 1003498
111 N. Adams Street
Tallahassee, FL  32301
marie.moyle@usdoj.gov
850-942-8430