# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WENDY KERNECHEL**

    **Plaintiff,**

**v.**

**UNITED STATES OF AMERICA and OFFICER JIMMY HIGHSMITH,**

    **Defendants.**

Case No. 4:20-cv-00078-WS-MJF

## MOTION TO STRIKE AMENDED COMPLAINT

On February 10, 2020, Plaintiff filed her original Complaint in this matter *ECF 1*. The original Complaint contained 96 numbered paragraphs, and set forth 62 paragraphs worth of detailed factual allegations. *See ECF 1, ¶¶ 8 – 69*. The United States timely answered the Complaint on June 19, 2020.[1] *ECF 6*. Defendant Jimmy Highsmith has not yet made an appearance in the case. The Plaintiff has moved to render service on Defendant Highsmith effective as of June 24, 2020. *ECF 8*.

On July 10, 2020, Plaintiff filed an Amended Complaint. *ECF 7*. The Amended Complaint reasserts, with only minor non-substantive changes, the same

---

[1] The undersigned counsel represent only the Defendant, United States, in this matter.

allegations made in the original Complaint filed on February 10, 2020—which again, has already been answered. The primary changes made in the Amended Complaint are to add factual assertions about other inmates. *See ECF 7, ¶¶ 50 – 64; 69 – 99.* These additional allegations relate to an inmate who brought a previous case alleging abuse by Officer Highsmith. *See ECF 7, ¶¶ 50 – 64.* The Amended Complaint then also sets forth allegations related to two other new cases in which inmates have alleged abuse by Officer Highsmith.[2] *See ECF 7, ¶¶ 69 – 99.* These new allegations, however, are immaterial and impertinent to the claims set forth by the Plaintiff in this case. Accordingly, the United States moves to strike the Amended Complaint filed on July 10, 2020 pursuant to Federal Rule of Civil Procedure 12(f), thus rendering the original Complaint (*ECF 1*) and Defendant's answer (*ECF 6*) the operative pleadings in the case.

Rule 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The United States recognizes that a motion to strike aimed at pleadings can be considered a drastic remedy that is disfavored by courts. *See*

---

[2] *J.C. v. United States of America et al.*, Case 4:20-cv-00283-AW-MAF (N.D. Fla, Filed May 29, 2020) and *J.P. v. United States of America et al.*, Case 4:20-cv-00317-AW-MAF (N.D. Fla, Filed June 16, 2020).

*Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 670 (S.D. Fla. 2013). Here, however, the remedy is not so drastic. In fact, the Plaintiff's original Complaint *ECF 1*) has already been answered. Thus, striking the Amended Complaint (*ECF 7*) does not risk resulting in dismissal. Rather, the United States seeks to strike the Amended Complaint because the majority of the amendments set forth involve allegations by other inmates—two of whom have new active cases here in the Northern District of Florida—as opposed to Ms. Kernechel herself. While there may later be evidentiary questions about the admissibility of allegations by such other witnesses pursuant to Federal Rule of Evidence 415, the allegations are not pertinent to Ms. Kernechel's pleading.

In this instance, that impertinence is not without consequence. As noted, two of the other cases about which Ms. Kernechel sets forth allegations are also pending here in the Northern District of Florida. Those cases have not been answered yet. The United States should not be required to answer such allegations here before they are answered in each of those plaintiff's own respective cases.

WHEREFORE, Defendant, United States of America, moves to strike Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) thus rendering Plaintiff's original complaint (ECF 1) and the answer thereto (ECF 6) the operative pleadings.

## **LOCAL RULE 7.1(B) CERTIFICATE**

I HEREBY CERTIFY that the undersigned contacted Plaintiff's counsel James Cook about this request. Plaintiff opposes this Motion.

## **LOCAL RULE 7.1(F) CERTIFICATION**

I HEREBY CERTIFY that this motion contains 678 words.

Respectfully submitted,

LAWRENCE KEEFE
UNITED STATES ATTORNEY

*/s/ Peter Fisher*
Peter G. Fisher
Assistant United States Attorney
Florida Bar No. 0413010
111 N. Adams Street
Tallahassee, FL  32301
850-942-8430
peter.fisher@usdoj.gov
Marie Moyle
Assistant United States Attorney
Florida Bar No. 1003498
111 N. Adams Street
Tallahassee, FL  32301
marie.moyle@usdoj.gov
850-942-8430