UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WENDY KERNECHEL,

    Plaintiff,

v.                                                                                         Case No. 4:20-cv-78-WS/MJF

UNITED STATES OF AMERICA and
JIMMY HIGHSMITH,

    Defendants.
_____/

## **ORDER**

This matter is before this court on Defendant Jimmy Highsmith's letters to the court in which he requests, among other things, dismissal of this civil action (Doc. 19) and appointment of an attorney to represent him in this civil action. (Doc. 20).

To the extent Defendant seeks the appointment of counsel for purposes of this civil action, this request will be denied without prejudice. (Doc. 20). It is well established that there is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Heinisch v. Bernardini*, 79 F. Supp. 3d 1329, 1330 (S.D. Ga. 2015); *Davis v. City of Chicago*, 219 F.R.D. 593, 598 n.6 (N.D. Ill. 2004) (noting that "a Defendant in a civil case has no constitutional right to counsel."). "Appointment of counsel in civil cases is, rather, a privilege 'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained

practitioner.'" *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Id.* Although Defendant Highsmith indicates that he does not have the funds to pay for a lawyer and that several lawyers have refused to represent him in this civil case, he does not provide any reason to believe that his case is one of exceptional circumstances warranting appointment of counsel.

Additionally, this court must deny the relief requested by Defendant's filings because they are deficient in the following respects:

- **A request for action of any kind relating to a case can never be made by a letter to a judge;** it must be made by a motion. *See* Fed. R. Civ. P. 7(b)(1); N.D. Fla. Loc. R. 7.1(A).

- The documents do not have a case style or caption, do not include the name of at least one party on each side of the case, **and do not have a title or heading clearly identifying the document.** *See* Fed. R. Civ. P. 10(a); N.D. Fla. Loc. R. 5.1(B).

- It is unclear whether Defendant's first letter (Doc. 19) is Defendant Highsmith's answer, a motion to dismiss, or something else insofar as this letter is not in the form required for a pleading nor is it in the form of a motion. *See* Fed. R. Civ. P. 7(a) (listing authorized pleadings); Fed.

R. Civ. P. 7(b)(1) (requiring that a request for a court order be made by motion; setting forth the requirements for motions); Fed. R. Civ. P. 10 (setting forth the requirements for a pleading).

- **The documents do not have a proper signature block.** A document filed by a *pro se* party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one. *See* N.D. Fla. Loc. R. 5.1(E).

Defendant Highsmith also is advised that this court will not address any documents which fail to comply with the Federal Rules of Civil Procedure or the Local Rules. Rather, the clerk of the court will return such documents to Defendant. Defendant Highsmith is further advised that this court's Local Rules may be obtained online at http://www.flnd.uscourts.gov/court-info/local-rules-and-orders/local-rules and from the clerk's office. The Federal Rules of Civil Procedure are available for review in law libraries and also are available online.

For these reasons, it is **ORDERED** that:

1. To the extent Defendant seeks appointment of counsel (Doc. 20) or other relief (Doc. 19), Defendant Highsmith's requests are **DENIED** without prejudice.

2. The clerk of the court shall refer to the undersigned on a deficiency order any document that does not comply with the Federal Rules of Civil procedure or the Local Rules for the United States District Court for the Northern District of Florida.

3. If Defendant Highsmith seeks relief from this court, he must file a motion that complies with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Florida.

**SO ORDERED** this 15th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**