UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WENDY KERNECHEL,

    Plaintiff,

v.                                                     Case No. 4:20-cv-78-WS/MJF

UNITED STATES OF AMERICA AND
JIMMY HIGHSMITH,

    Defendants.
    _____/

## **REPORT AND RECOMMENDATION**

This matter is before this court on Plaintiff's stipulation of dismissal with prejudice. Doc. 44. The undersigned construes the stipulation of dismissal as a motion to dismiss pursuant to Rule 41(a)(2). For the reason set forth below, the undersigned respectfully recommends that the District Court grant Plaintiff's motion and dismiss with prejudice Plaintiff's claims against the government and Highsmith.

### I. Background

On February 10, 2020, Plaintiff commenced this civil rights action against the United States of America and Jimmy Highsmith. Doc. 1. On June 19, 2020, the government filed an answer. Doc. 6.

On September 8, 2020, the clerk of the court entered a clerk's default against Highsmith. Doc. 15. On September 15, 2020, the undersigned granted the unopposed

motion to stay this civil action until Highsmith's criminal charges were resolved. On November 19, 20220, Highsmith, proceeding *pro se*, filed an answer. Doc. 24. He did not file a motion to set aside the default, however. On January 4, 2021, Mr. Ladray Brandon Gilbert filed a notice of appearance on behalf of Highsmith.[1] Doc. 25.

Pursuant to a court order, on April 8, 2022, the government and Plaintiff filed a joint status report which stated that the government and Plaintiff had reached a settlement agreement. Doc. 42. On September 2, 2022, Plaintiff filed a stipulation of dismissal as to her claims against the government, which was signed only by the government. Doc. 44. Plaintiff also seeks to dismiss with prejudice her claims against Highsmith, who is incarcerated. *Id.*

Because Highsmith had not signed the stipulation, the undersigned construed Plaintiff's stipulation of dismissal as a motion to dismiss and directed the parties to serve the document on Highsmith. Docs. 45, 46. The undersigned provided Highsmith until September 26, 2022, to file a response in opposition to the motion to dismiss. Doc. 45. As of the date of this report and recommendation, Highsmith has not filed a response in opposition.

---

[1] According to the Florida Bar website, Landray Brandan Gilbert is no longer eligible to practice law in Florida. Although Mr. Gilbert did not file a motion to withdraw as Highsmith's counsel, it appears he is no longer able to represent Highsmith in this matter.

## II. DISCUSSION

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss claims without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). In addition to the procedure set forth in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"[I]n most cases, a voluntary dismissal [under Rule 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissal which unfairly affect the other side." *McCants*, 781 F.2d at 856. Accordingly, the central question is whether the defendant "would lose any substantial right by the dismissal." *Id.*

Plaintiff moves to dismiss her claims with prejudice against both Defendants. Neither Defendant has responded in opposition. It does not appear that either

Defendant would suffer any prejudice from dismissal. Accordingly, dismissal is appropriate.

### III. CONCLUSION

For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **GRANT** Plaintiff's motion to dismiss, Doc. 44, with prejudice.

2.   **DISMISS with prejudice** Plaintiff's claims against the government and Highsmith.

3.   **ORDER** the clerk of the court to close the case file.

At Pensacola, Florida, this 12th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order**

**based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**